IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA TELLEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>WASTER MANAGEMENT OF ALAMEDA COUNTY INC,<br><br>        Defendant.<br>_____/ | No. C 11-05408 CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff Leticia Tellez filed discrimination and harassment claims in state court against her former employer, Waste Management of Alameda County, and several supervisors (collectively, "Waste Management"). Defendants removed the matter to this Court, claiming that Section 301 of the Labor Management Relations Act ("LMRA" or "the Act") confers federal jurisdiction over and therefore pre-empts Tellez's claims.

Tellez now moves for remand of this case to the Superior Court of the State of California, County of Alameda. For the reasons discussed below, the Court GRANTS the motion.

**I.    BACKGROUND**

Tellez worked for Waste Management from May 2002 to August 2007. Logan Decl. (dkt. 16) ¶ 3. A collective bargaining agreement ("CBA") between Waste Management and Tellez's union dictated the terms and conditions of her employment. Id. ¶ 7.

United States District Court
For the Northern District of California

1   The following derives from Tellez's Second Amended Complaint.  <u>See</u> DeLuca  Decl.
2  (dkt. 2) Ex. 5.
3   In 2007, Tellez's employer fired her for insubordination.  An arbitration panel
4  overturned her termination in November 2009.  Soon thereafter Tellez sued Waste
5  Management and the other defendants – William Spence, Oswaldo Jauregui and Juan C.
6  Cruz Contreras.  The matter proceeded through fits and starts, with Tellez at first
7  representing herself and the Superior Court of Alameda County twice sustaining Defendants'
8  demurrers.  The operative complaint alleges (1) that Defendants violated the California Fair
9  Employment and Housing Act, California Government Code § 12900 *et seq* ("FEHA"),
10 through unlawful discrimination on the basis of her sex, nationality and/or hearing disability,
11 (2) Defendants violated FEHA by harassing her and creating a hostile work environment, (3)
12 that Defendants wrongfully fired her in violation of public policy, and (4) that Waste
13 Management was negligent in its hiring of Tellez's supervisors and in its failure to have
14 adequate non-discrimination policies and effective procedures to investigate discrimination
15 claims.
16  Defendants removed the case to this Court in November 2011, citing federal
17 jurisdiction under 28 U.S.C. §§ 1331, 1441(a)-(c).  Notice of Removal (dkt. 1).  In short, they
18 contend that Tellez's claims are "substantially dependant [sic] on an analysis of the CBA"
19 and so are pre-empted by Section 301 of the LMRA.  Opp'n to Remand (dkt. 15) at 1:16-21.
20 **II.   LEGAL STANDARD**
21 **A. Removal**
22  A defendant may remove a case from state court to federal court if the matter triggers
23 federal original jurisdiction.  28 U.S.C. 1441(a).  The defendant carries the burden of proving
24 jurisdiction.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  The presumption is
25 against removal, which the Court must reject if it has any doubts about whether removal was
26 proper.  <u>Id.</u>
27
28

2

**B. Section 301 pre-emption**

Section 301 of the LMRA establishes federal jurisdiction in cases where an employer is sued for breach of contract with a labor organization. 29 U.S.C. § 185(a). The Act does not pre-empt every claim that "requires a court to refer to the language" of a CBA. Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000). Instead, it pre-empts a state-law claim only "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." Detabali v. St. Luke's Hospital, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-406 (1988)). In other words, a pre-emption defense succeeds only if the "[plaintiff's] claim cannot be resolved without interpreting the express and implied terms of the CBA." Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1523 (9th Cir. 1995).

The Ninth Circuit uses a two-step test to determine whether the Act pre-empts a sate-law claim. See Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1058 (9th Cir. 2007). First, the court must see if the "asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the CBA provides the only basis for the claimed right, Section 301 applies. Id. On the other hand, if the right arises from state law, the court next "must still consider whether it is nevertheless 'substantially dependent on analysis of a [CBA].'" Id. (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987)).

**III. DISCUSSION**

Tellez raises four causes of action against Waste Management. Each survives the Ninth Circuit's Burnside two-step analysis and, therefore, belongs in state court.

**A. Discrimination**

Tellez's first cause of action alleges that Defendants violated Sections 12926, 12940 and 12993 of the California Government Code and Section 51 of the California Civil Code by engaging in harassing and discriminating conduct. DeLuca Decl., Ex. 5 ¶ 15. She also contends that Defendants "engaged in a practice of harassment" by using sexual innuendo and by laughing at and mocking her. Id. ¶ 14A. Tellez claims this conduct was directed at her hearing disability. Id. ¶ 15A.

3

Despite Waste Management's contention otherwise, this claim does not relate to an attempt by Tellez to seek a job transfer within the company.  Tellez does not mention the position, her failure to get it, or the CBA-defined procedures governing how Waste Management was supposed to fill it.[1]  Instead, this cause of action rests solely on claims that Defendants refused to accommodate her disability and belittled her because of it.  DeLuca Decl., Ex. 5 ¶¶ 11, 14A.

In other words, this cause of action arises from FEHA, which "confers a right that is nonnegotiable and applies to unionized and nonunionized workers alike." Ackerman v. Western Elec. Co., 860 F.2d 1514, 1517 n.2 (9th Cir. 1988).  It does not even indirectly reference, let alone require substantial interpretation of, the CBA.  Therefore, Section 301 does not apply to this cause of action and remand to state court is appropriate.

**B. Harassment**

The second cause of action alleges that Defendants violated FEHA by harassing Tellez and creating a hostile work environment.  It does allege facts related to the sought-after job transfer.  DeLuca Decl., Ex. 5 ¶ 19A.  Tellez asserts that she submitted a "bid" for the job through her union, but she claims that Defendants Jauregui and/or Contreras "purposefully interfered to block her transfer." Id.  She also alleges that she was told the position was reserved for a male worker, only to later learn that a woman with less seniority got the job. Id.

In Defendants' eyes, the reference to the union bidding process transforms Tellez's claims into a labor dispute exclusively governed by the CBA, and therefore pre-empted by Section 301.  To support this view, Waste Management primarily looks to Bachilla v. Pacific Bell Telephone Company, No. 07-739, 2007 WL 2825924 (E.D. Cal. Sept. 25, 2007).  In Bachilla, three female employees sued their employer and union, alleging sex discrimination and retaliation. Id. at *1.  The court found pre-emption because the claims were "substantially dependent on an analysis of the terms of the CBA." Id. at *8.  As Waste Management acknowledges, however, the discrimination claims in Bachilla arose from the

---

[1] Tellez raises these issues in her harassment cause of action, which is discussed below.

4

premise that less-senior male workers had been promoted over the women "in violation of [the company's] seniority policy." Id.

Despite Defendants' assertions to the contrary, Tellez has not alleged violations of the CBA bidding process. While she asserts that she followed CBA procedures and that someone else got the job, it does not necessarily follow that this constitutes a claim that Defendants violated employee-transfer policies. Nor does Defendants' argument account for the broader allegations of harassment that Tellez has made.

Tellez's assertions, viewed as a whole, constitute a claim that Defendants harassed her in violation of FEHA. First, she claims that two of the defendants "interfered to block her transfer" and that she "was informed that the position" was intended only for male workers. DeLuca Decl., Ex. 5 ¶ 19A. This seems to amount to a claim that the supervisors lied to Tellez about the job to prevent her from pursuing it, not that they violated appropriate CBA procedures and policies in filling the post, as the plaintiffs alleged in Bachilla. Second, Tellez raises the transfer issue in an obvious effort to paint a larger pattern of harassment at the hands of the Defendants: She claims that they made sexual remarks and other statements that created "unwelcome conditions" and created a "hostile and offensive environment[,]" and she claims that Defendants falsely accused her of violating company policy and, "in violation of her First Amendment rights[,]" labeled her a "Trouble-maker" due to her union activity. Id. ¶¶ 19B-D.

It is possible that some of Tellez's contentions to support her harassment claim will require the state court to look to the CBA, as Waste Management suggests. But pre-emption is not automatic merely because the state-law claim "may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement." Lingle, 486 U.S. at 413 n.12 (1988). Moreover, "[i]f the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer v. Consol. Freightways, 255 F.3d 683, 691 (9th Cir. 2001) (citing Caterpillar, 482 U.S. at 398-99).

5

Tellez alleges that Defendants created a hostile work environment and harassed her. FEHA provides non-negotiable, state-law protections against such conduct. Any reference to the CBA to resolve this claim would not be substantial, not least because Tellez does not seem to dispute any provision of the CBA or charge Defendants with violating it. See Detabali, 482 F.3d at 1203 ("because there is no dispute over the meaning of any terms within the agreement, resolution of the central issue . . . does not depend on interpretation" of the CBA). Therefore, Section 301 does not apply here.

### C. Wrongful termination

Tellez brings this cause of action under Section 12993 of FEHA and Section 51 of the California Civil Code.[2] She alleges that Waste Management does not have effective and/or fair procedures to investigate workplace complaints and failed to promptly look into her complaints of harassment. DeLuca Decl., Ex. 5 ¶ 24A. She also claims that Waste Management allowed her supervisors to harass her and wrongfully fire her for insubordination. Id. ¶ 24B.

Defendants contend that this cause of action turns "upon an analysis of the provisions of the CBA addressing discharge." Opp'n at 8:18. This is wrong for two reasons. First, the two CBAs in place during Tellez's employment say little about employee discharge other than laying out the fact that Waste Management "shall have the right to discharge any employee for . . . insubordination . . ." and setting the procedure for appealing a termination. See Logan Decl., Ex. A at 6-7, Ex. B § 4. The CBA does not define "insubordination."

Second, and more important, this cause of action is not about whether Defendants fired Tellez contrary to the appropriate procedures. Instead, it is about whether the termination itself violated public policy. The complaint indeed alleges that her supervisors fired Tellez on "insufficient grounds" and "failed or purposely refused to complete a full

---

[2] Tellez also brings the wrongful termination claim pursuant to Tameny v. Atlantic Richfield Company, 27 Cal. 3d 167, 172 (1980). In Tameny, the California Supreme Court held that workers have a right to sue in tort for wrongful discharge when the termination was due to the worker's refusal to commit an illegal act. Id. at 178. The Court also implicitly blessed wrongful termination suits in cases where the discharge "violated an express statutory objective or undermined a firmly established principle of public policy." Id. at 172.

6

investigation" before firing her. DeLuca Decl., Ex. 5 ¶ 24B. Focusing on this single allegation, Defendants claim that its resolution turns on whether Waste Management had "legitimate, non-discriminatory reasons" for firing Tellez. Opp'n at 8:21-22. This argument, Defendants claim, will in turn require substantial interpretation of the CBA. Id. at 8:23.

This cause of action, however, includes more than what Waste Management directly attacks. First, it incorporates the allegations of discriminatory conduct seen elsewhere in the complaint. DeLuca Decl., Ex. 5 ¶ 22. Second, it invokes Tameny and California's non-discrimination statutes. Id. ¶ 23. Finally, it alleges that Waste Management failed to have appropriate procedures to investigate harassment claims. Id. ¶ 24A. Taken together, Tellez's assertions amount to a claim that Defendants fired her for discriminatory reasons. This claim of wrongful termination on public-policy grounds arises from state law, not the CBA, the provisions of which Tellez does not appear to dispute. Further, as discussed above, reference to the CBA as a defense tactic does not automatically trigger Section 301. See Cramer, 255 F.3d at 691. Accordingly, the LMRA does not pre-empt this claim.

### D. Negligent hiring, training or supervision

Defendants do not directly attack this claim on pre-emption grounds. This is just as well, since there is nothing in the CBA that appears to relate to it and it therefore would not be pre-empted.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to remand this matter to the Superior Court of the State of California, County of Alameda.

**IT IS SO ORDERED.**

Dated: February 6, 2012

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

7